UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE CROSS, <br><br>            Plaintiff, <br> v. <br><br> BOSTON MARKET CORPORATION d.b.a. BOSTON MARKET #1167, et al., <br><br>            Defendants. | Civil No. 07CV0486-J(LSP) <br><br> NOTICE AND ORDER FOR EARLY NEUTRAL EVALUATION CONFERENCE |

IT IS HEREBY ORDERED that an Early Neutral Evaluation of your case will be held on <u>June 29, 2007,</u> at <u>9 a.m.</u> before United States Magistrate Judge Leo S. Papas, United States Courthouse, Courtroom G, First Floor, 940 Front Street, San Diego, California.

Pursuant to Rule 16.1(c) of the Local Rules of the United States District Court for the Southern District of California, both counsel <u>and the parties</u> who have full and unlimited authority[1] to

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face

1

negotiate and enter into a binding settlement shall appear <u>in person</u> at the conference and shall be prepared to discuss the claims, defenses and damages.

Unless there are **extraordinary circumstances,** persons required to attend the conference pursuant to this Order shall not be excused from personal attendance. Requests for excuse from attendance for **extraordinary circumstances** shall be made in writing at least 48 hours prior to the conference. Where the suit involves the United States or one of its agencies, only counsel for the United States with full settlement authority need appear. All conference discussions will be informal, off the record, privileged and confidential.

The parties may, but are not required to, submit a short Early Neutral Evaluation Conference Statement about the case on a confidential basis.

In the event the case does not settle at the Early Neutral Evaluation Conference, the parties shall also be prepared to discuss the following matters at the conclusion of the conference.

1. Any anticipated objections under Federal Rule of Civil Procedure 26(a)(1)(E) to the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(A-D);

2. The scheduling of the Federal Rule of Civil Procedure 26(f) conference;

3. The date of initial disclosure and the date for lodging the discovery plan following the Rule 26(f) conference; and,

/ /

---

to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).

1     4.   The scheduling of a Case Management Conference pursuant to Federal Rule of Civil Procedure 16(b).

    The Court will issue an appropriate order addressing these issues and setting dates as appropriate.

    Questions regarding this case may be directed to the Magistrate Judge's research attorney at (619) 557-6384.

    Based upon the Court's familiarity with these matters and in the interest of promoting the just, efficient and economical determination of this action, the Court issues the following orders at this time:

    1.   All formal discovery shall be stayed in this case until the completion of the Early Neutral Evaluation Conference set herein;

    2.   Twenty-one (21) days prior to the Early Neutral Evaluation Conference, Plaintiff's counsel shall lodge with Magistrate Judge Papas' chambers and serve on opposing counsel a statement, not in excess of two pages, including:

    (a)   An itemized list of the specific issues on the subject premises which are the basis of the claimed violations under the Americans with Disabilities Act;

    (b)   A statement of the amount and category of damages claimed by Plaintiff in this action;

    (c)   The amount claimed for attorney's fees and costs; and,

    (d)   The Plaintiff's demand for settlement of the case in its entirety.

    3.   After service of Plaintiff's statement, or whether or not Plaintiff's statement is served, and at least fourteen (14) days prior to the Early Neutral Evaluation Conference, **counsel for the**

**parties as well as property managers of commercial locations shall meet and confer in person at the subject premises** regarding settlement of (1) alleged premise violations, and (2) damages, costs and attorney fee claims.  Plaintiff's counsel shall be responsible to make arrangements for the conference.  **The meet and confer obligation <u>cannot</u> be satisfied by telephone or by the exchange of letters.**

   4.   Seven (7) days prior to the Early Neutral Evaluation Conference, counsel shall lodge with Magistrate Judge Papas' chambers a <u>joint statement</u> advising the Court of the status of settlement negotiations and setting forth all issues in dispute, including property issues, Plaintiff's alleged damages, and the claim for attorney's fees and costs, along with a description of any settlement demands and/or offers exchanged.  If for any reason counsel can not comply with the meet and confer and joint statement requirements set forth in this order, counsel shall contact the chambers of Magistrate Judge Papas <u>at least two court days before the Early Neutral Evaluation Conference</u>, to explain the reasons therefore.  <u>Monetary sanctions shall be imposed for failure to comply with this order</u>.

   5.   At the Early Neutral Evaluation Conference, Plaintiff's counsel shall provide documentation to the Court for *in camera* review supporting the amount of attorney's fees and costs claimed.

DATED:  April 11, 2007

_____
Hon. Leo S. Papas
U.S. Magistrate Judge