1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANE CROSS, | )  Civil No. 07cv486 J (LSP) |
| Plaintiff, | )  **ORDER GRANTING** |
| v. | )  **DEFENDANTS' MOTION TO** |
| | )  **DISMISS FOR LACK OF SUBJECT** |
| BOSTON MARKET CORP., et al., | )  **MATTER JURISDICTION** |
| Defendants. | ) |
| | ) |

Before the Court are Defendants Krausz Companies, Inc., Krausz Vista, LLC, and Krausz Vista Two, LLC's ("Defendants") Motion to Dismiss for lack of subject matter jurisdiction, Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and Motion to Strike. [Doc. No. 44]  Plaintiff Diane Cross ("Plaintiff") has filed an opposition.  [Doc. No. 54.]  The issues presented are decided without oral argument.  *See* S.D. Cal. Civ. R. 7.1.d.1 (2006).  For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss for lack of subject matter jurisdiction and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendants Krausz Companies, Inc., Krausz Vista, LLC, and Krausz Vista Two, LLC.

### *Background*

This is a disability discrimination case alleging that architectural barriers at various retail establishments located within the North County Square Shopping Center ("Shopping Center") violate federal and state law by preventing Plaintiff, an alleged disabled individual, from enjoying full and equal access to public accommodations.  (*See generally* Compl.)  Plaintiff brings claims arising under the Americans with Disabilities Act ("ADA"), the California Unruh

1

Civil Rights Act ("Unruh Act"), the California Disabled Persons Act ("DPA"), and the Health and Safety Code. (*See generally id.*)

Plaintiff alleges that she is a paraplegic and therefore "physically disabled" within the meaning of federal and state law. (*Id.* ¶ 17.) Defendants Krausz Vista, LLC and Krausz Vista Two, LLC owned portions of the Shopping Center from June 25, 2004, to January 26, 2007. (Mot. to Dismiss at 2.) Defendants assigned their ownership interests in the Shopping Center to ValVista South, LLC and Valvista North, LLC approximately two months before Plaintiff filed this action on March 16, 2007. (*Id.* at 2-3.) Defendants presently have no ownership interest in the Shopping Center. (*Id.* at 3.)

Plaintiff alleges that during a visit to the Shopping Center, she encountered barriers that prevented her from enjoying full and equal access to the facilities located thereon and deterred her from returning. (Compl. ¶ 28.) Plaintiff seeks relief in the form of damages, injunctive and declaratory relief, and attorney's fees and costs. (*See generally* Compl.)

## *Discussion*

### I. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's ADA claims because Plaintiff lacks standing. (Mot. to Dismiss at 5.) Defendants contend that because Plaintiff cannot establish that her injuries are redressable, Plaintiff has failed to establish standing. (*Id.* at 6.) Specifically, Defendants assert that they cannot provide the injunctive relief that Plaintiff seeks under the ADA because they no longer have ownership or control over the property at issue. (*Id.*) Plaintiff does not dispute that Defendants no longer own the property at issue. (Opp'n to Mot. to Dismiss at 3-4.) However, Plaintiff argues that any dismissal of her claims should be without prejudice. (*Id.*)

### A. Legal Standard: Standing

Article III of the Constitution requires that litigants have standing to invoke the federal court's power. *See Allen v. Wright*, 468 U.S. 737, 750-51 (1984) ("In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues.") (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). Lack of Article III

1  standing constitutes a defect in subject matter jurisdiction.  *See White v. Lee*, 227 F.3d 1214,

2  1242 (9th Cir. 2000).  A motion challenging standing is properly presented under Federal Rule

3  of Civil Procedure 12(b)(1).  *See id.* ("Because standing . . . pertain[s] to a federal court's

4  subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under

5  Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6).").

6       The party invoking jurisdiction has the burden of establishing standing.  *See Lujan v.*

7  *Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  To have standing, a plaintiff must satisfy three

8  elements.  First, the plaintiff must have "suffered an injury in fact–an invasion of a legally

9  protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not

10  conjectural or hypothetical."  *Id.* at 560 (internal quotations and citations omitted).  Second,

11  there must be a causal nexus between the alleged injury and the defendant's challenged conduct.

12  *See id.*  Third, it must be likely that a favorable decision will redress the injury.  *See id.* at 561.

13       **B. Legal Standard: Injunctive Relief Under the ADA**

14       The enforcement provisions of Title III of the ADA provide only for injunctive relief, and

15  damages are not available to individuals.  *See* 42 U.S.C. § 12188(a); *Pickern v. Holiday Quality*

16  *Foods, Inc.*, 293 F.3d 1133, 1136 (9th Cir. 2002).  Injunctive relief typically takes the form of

17  "an order to alter facilities to make such facilities readily accessible to and usable by individuals

18  with disabilities to the extent required by [Title III]."  *See* 42 U.S.C. § 12188(a)(2).  Such relief

19  "is available to 'any person who is being subjected to discrimination on the basis of disability' or

20  who has 'reasonable grounds for believing that such person is about to be subjected to

21  discrimination.' "  *Org. for the Advancement of Minorities v. Brick Oven Rest.*, 406 F. Supp. 2d

22  1120, 1127 (S.D. Cal. 2005) (quoting  42 U.S.C. § 12188(a)(1)).

23       **C. Plaintiff's State Law Claims**

24       As a preliminary matter, the Court notes that on May 29, 2007, the Court issued an order

25  granting co-defendants' Valvista South, LLC and Valvista North, LLC's motion to dismiss

26  Plaintiff's state law claims pursuant to 28 U.S.C. 1367(c).  [*See* Doc. No. 66.]  The Court

27  declined to exercise supplemental jurisdiction over Plaintiff's state law claims against the

28  Valvista Defendants because they presented novel and complex issues of state law.  (*See* May

29, 2007 Order at 6.)  Based on the reasoning set forth in the May 29, 2007 Order, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants Krausz Companies, Inc., Krausz Vista, LLC, and Krausz Vista Two, LLC.  The Court thus **DISMISSES** without prejudice all of Plaintiff's state law claims against Defendants Krausz Companies, Inc., Krausz Vista, LLC, and Krausz Vista Two, LLC.  Accordingly, the Court limits its standing inquiry to Plaintiff's ADA claims.

### D. Plaintiff's ADA Claims

Defendants challenge Plaintiff's standing to assert her ADA claims on the grounds that she has failed to establish that her injuries are redressable by this Court.  In deciding Plaintiff's Title III ADA claims, the Court "examines redressability in terms of whether any injunctive relief it might award would remedy discrimination against a disabled plaintiff in the area of public accommodations."  *Harris v. Stonecrest Care Auto Ctr., LLC*, 472 F. Supp. 2d 1208, 1219 (S.D. Cal. 2007).  Here, Plaintiff lacks standing regarding her ADA claims against Defendants because she has failed to demonstrate that a favorable decision regarding these claims is likely to redress her injuries.  *See Lujan*, 504 U.S. at 561.  The only remedy available to Plaintiff for her ADA claims is "an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities."  *See* 42 U.S.C. § 12188(a)(2).  However, because Defendants no longer own or control the property at issue, the Court cannot order Defendants to alter the property.  Because the Court is unable to grant an injunction requiring Defendants to make the property at issue accessible, the Court **FINDS** that Plaintiff lacks standing to maintain her ADA claims against Defendants.  *See Gonzales v. Gorsuch*, 688 F.2d 1263 (9th Cir. 1982) ("[I]f the court is unable to grant the relief that relates to the harm, the plaintiff lacks standing.").

The Court next examines whether Plaintiff's ADA claims should be dismissed with or without prejudice.  Defendants argue that the Court should dismiss the claims with prejudice because Defendants have "expended significant resources in defending this lawsuit."  (Reply at 3.)  Plaintiff argues that the Court should dismiss the claims without prejudice because California law provides that a violation of the ADA constitutes a *de facto* violation of the Unruh

1   Act and the DPA.  (Opp'n to Mot. to Dismiss at 3.)  Plaintiff thus asserts that all of her claims

2   can be properly re-filed in state court. (*Id.*)

3         A case dismissed for lack of subject matter jurisdiction should be dismissed without

4   prejudice "so that a plaintiff may reassert [his or her] claims in a competent court."  *Freeman v.*

5   *Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999); *Frigard v. United States*, 862

6   F.2d 201, 204 (9th Cir. 1988).  However, when no other court has the power to hear the case, a

7   dismissal with prejudice is warranted.  *See Frigard*, 862 F.2d at 204.

8         Defendants have failed to demonstrate that no other court has the power to hear Plaintiff's

9   case.  Unlike this Court, the California courts are not constrained by the case or controversy

10  requirement of Article III of the United States Constitution, or by the traditional prudential

11  barriers to standing.  *See Nat'l Paint & Coatings Ass'n v. State of California*, 68 Cal. Rptr. 2d

12  360, 365 (Cal. Ct. App. 1997); *Midpeninsula Citizens for Fair Housing v. Westwood Investors*,

13  271 Cal. Rptr. 99, 104 (Cal. Ct. App. 1990).  As a result, Plaintiff's failure to demonstrate that

14  her ADA claims are redressable by this Court does not automatically bar her from bringing these

15  claims in state court.  Further, Defendants fail to specify the "significant resources" they have

16  expended in defending this lawsuit.  Given that this case is still in the early stages of litigation, it

17  is unlikely that Defendants' filing of the instant Motion to Dismiss required a significant expense

18  of resources.  Because the Court does not reach the merits of Plaintiff's ADA claims, and

19  because it appears that the California courts have the power to hear these claims, the Court

20  **DISMISSES** these claims **WITHOUT PREJUDICE**.

21        The Court notes that Defendants have also filed a Federal Rule of Civil Procedure

22  12(b)(6) motion to dismiss, as well as a motion to strike portions of the Complaint.  However,

23  because the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims

24  and lacks subject matter jurisdiction over Plaintiff's ADA claims, the Court need not address

25  these motions.

26  //

27  //

28  //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Conclusion*

     For the reasons set forth above, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendants Krausz Companies, Inc., Krausz Vista, LLC, and Krausz Vista Two, LLC in their entirety.

     **IT IS SO ORDERED**.

DATED:  May 30, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:  Magistrate Judge Papas
     All Counsel of Record

07cv486 J (LSP)